UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOROTHEA PRUITT for Keshauntae and
Leshaytae Anderson,

       Plaintiff,

  v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       Defendant.

Case No. 13-cv-786-JPG-CJP

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motions of plaintiff Dorothea Pruitt for leave to proceed *in forma pauperis* (Doc. 3), for appointment of counsel (Doc. 4) and for service of process at government expense (Doc. 5).

**I.    Motions for leave to proceed *in forma pauperis* (Doc. 3) and for service of process at government expense (Doc. 5)**

A federal court may permit an indigent party to proceed without pre-payment of fees.  28 U.S.C. § 1915(a)(1).  Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).  When assessing a motion to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*.  *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Pruitt's affidavit that she is indigent.  Furthermore, the Court does not find anything in the file to indicate that this action is frivolous or malicious, although it has questions

about Pruitt's standing to sue and about the Court's jurisdiction to review the administrative decision at issue. Therefore, the Court **GRANTS** the motion to proceed *in forma pauperis* without prepayment of fees and costs (Doc. 3) and motion for service at government expense (Doc. 5). The Court notes, however, that should it become apparent that the action is frivolous or malicious at any time in the future, it may dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

If the plaintiff wishes the United States Marshals Service to serve process in this case, the Court **DIRECTS** the plaintiff to provide to the United States Marshals Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of the summons, complaint and this order upon the defendant Commissioner of Social Security, the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., in the manner specified by Federal Rule of Civil Procedure 4(i)(1) & (2), as directed by the plaintiff. Costs of service shall be borne by the United States.

## II.     Motion to Appoint Counsel (Doc. 4)

Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rule 83.1(i) obligates members of the bar of this Court to accept appointments, provided an appointment is not made more than once during a 12-month period.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself.  *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)).  "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."  *Id.* at 655.  In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history.  *Id.*

Pruitt has not demonstrated that she has made reasonable attempts to retain counsel and has not shown that she was effectively precluded from making a diligent effort in this regard.  Furthermore, it appears at this time, based on the quality of her filings, that Pruitt, who is a college graduate,[1] is capable of representing herself.  Should this change, the Court may reconsider this ruling.  For these reasons, the Court **DENIES** Pruitt's motion for appointment of counsel (Doc. 4).

**IT IS SO ORDERED.**
**DATED:   August 8, 2013**

                                         s/J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**

---

[1] The first page attached to Pruitt's complaint (Doc. 2; Page ID #4) is actually the second page of her motion for appointment of counsel (Doc. 4).  It is on this page that Pruitt represents she is a college graduate.