IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DOROTHEA PRUITT,**<br>**on behalf of K.A., a minor,**<br><br>               **Plaintiff,**<br><br>**vs.**<br><br>**CAROLYN W. COLVIN and**<br>**EMMA J. LEWIS,**<br><br>               **Defendants.** | )<br>)<br>)<br>)<br>)  **Civil No.  13-cv-786-JPG-CJP**<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM and ORDER

In accordance with 42 U.S.C. § 405(g), plaintiff  Dorothea Pruitt, on behalf of K.A., a minor, seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for repayment of funds allegedly misused by a representative beneficiary.

### Procedural History

The Court first notes that, in the caption of the complaint, Doc. 2, Ms. Pruitt states that she is suing on behalf of two minors, K.A. and L.A.  However, the body of the complaint states a claim only on behalf of K.A.  Further, Emma J. Lewis is named as a defendant in the caption, but the body of the complaint does not mention her.

K.A., the minor granddaughter of Dorothea Pruitt, was awarded SSI benefits in 2006.  Ms. Pruitt was initially appointed representative payee, but was removed in January 2009.  (Tr.  12A). Emma J. Lewis was then recruited by Ms. Pruitt to serve as representative payee for K.A.  In October 2009, Ms. Pruitt notified that agency that Ms. Lewis had misused SSI payments made on K.A.'s behalf.   The agency investigated and found the claim unsupported.   Ms. Pruitt asked for reconsideration and an evidentiary hearing.  After holding a hearing, ALJ W. Gary Jewell denied the claim for repayment of funds in a written decision dated February 24, 2012.  (Tr. 12A-12E).  The Appeals Council denied review, and the decision of the ALJ became the final agency decision. (Tr. 6).

Administrative remedies have been exhausted and a timely complaint was filed in this Court.

### Claim against Emma J. Lewis

The body of the complaint does not mention Emma J. Lewis.  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").   Further, there is no evident basis for a federal claim by Ms. Pruitt against Ms. Lewis.  Notably, the applicable regulations require repayment by a representative payee of misused benefits to the *agency*, not to the intended beneficiary.  *See* 20 C.F.R. §416.641(a).  The complaint fails to state a claim against Ms. Lewis, and she is therefore dismissed as a defendant herein.

### Claim against the Acting Commissioner

This Court has jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing."  42 U.S.C. 405(g).  *See Boley v. Colvin,* 761 F. 3d 803 (7th Cir. 2014). A hearing was held, and the ALJ's written decision was designated by the Appeals Council as "the final decision of the Commissioner of Social Security in your case."  (Tr. 6).  Thus, this Court has jurisdiction over Ms. Pruitt's claim against the Acting Commissioner.

### Issue Presented

Plaintiff is *pro se*, and failed to file a brief as ordered.  After being denied an extension of time in which to file a brief, she nevertheless filed a brief out of time at Doc. 35.   That brief does not identify any issue that could be considered by this Court.

Defendant filed a brief at Doc. 38.  On the Court's own motion, plaintiff was granted leave to file a reply brief by December 1, 2014.  *See* Doc. 40.  She has not done so.

The Court is mindful that it has no duty to act as lawyer or paralegal for *pro se* plaintiffs such as Ms. Pruitt.  *Pliler v. Ford*, 124 S. Ct. 2441, 2446 (2004).  Nevertheless, as the payments in question

were meant for the benefit of a disabled minor, this Court will undertake a general review of the record.

### Applicable Legal Standards

Generally, if a beneficiary is under age 18, the agency will pay the minor's benefits to a representative payee.  20 C.F.R. § 416.610(b).  The representative payee must use the benefits on behalf of the disabled minor.  20 C.F.R. § 416.601(a).  The agency may at any time ask a representative payee for an accounting of how benefits have been used on a beneficiary's behalf.  20 C.F.R. § 416.625.  A representative payee who is determined to have misused benefits is responsible for paying back the misused funds to the agency.  20 C.F.R. § 416.641(a).

In the event that a representative payee misuses funds, the agency will repay the funds to the disabled person or to a substitute representative payee under certain circumstances.  Where, as here, the representative payee was an individual who served less than 14 beneficiaries, the agency will repay the misused benefits only if the agency was negligent in the investigation or monitoring of the representative payee.  This repayment will be made regardless of whether the representative payee has repaid the misused funds to the agency.  20 C.F.R. § 416.641(c).

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made.  It is important to recognize that the scope of review is limited.  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g).  This Court uses the Supreme Court's definition of substantial evidence, *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 91 S. Ct. 1420, 1427 (1971).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does <u>not</u> reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ.  *Brewer v. Chater*, 103 F.3d 1384, 1390

(7th Cir. 1997).  However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner.  *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

## Analysis

This Court concludes that the decision of the ALJ is supported by substantial evidence and that no errors of law were made.

Both Ms. Pruitt and Ms. Lewis testified at the hearing in February 2012, along with a witness named Annette Britten.  (Tr. 385-398).  The ALJ characterized the evidence as "essentially the classic she said, she said situation."  Ms. Lewis testified that she cashed the checks and gave the money to Ms. Pruitt, and Ms. Pruitt testified that she never received some of the money.  Neither witness provided any "substantive evidence" in support of her testimony.  Therefore, the ALJ concluded that the case came down to the credibility of the witnesses.  (Tr. 12D).

The ALJ pointed out that the credibility of both Ms. Pruitt and Ms. Lewis was damaged by their actions in respect to K.A's benefits.  Ms. Pruitt had falsely reported that she had not received a check for K.A. in August 2008, resulting in the agency issuing a second check to her.  Both of the checks were cashed.  This incident led to the removal of Ms. Pruitt as the representative payee.  (Tr. 12A).  For her part, Ms. Lewis had functioned as a "conduit" rather than an independent representative payee by cashing K.A.'s checks and turning the money over to Ms. Pruitt.  (Tr. 12D).  In the end, the ALJ concluded that Ms. Lewis was more credible than Ms. Pruitt, and, in view of the lack of substantive evidence presented by Ms. Pruitt, he found that she had not proved by a preponderance of the evidence that Ms. Lewis had misused the funds by using them for a purpose other than the benefit of K.A.  He also found that the agency did not negligently fail to investigate or monitor Ms. Lewis' performance as representative payee.  (Tr. 12D-E).

Because of the lack of substantive evidence, this case came down to a credibility contest.  This

4

Court must defer to the ALJ's credibility findings.  *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000).

ALJ Jewell's credibility findings are amply supported by the record.  Ms. Pruitt had already shown

herself to be less than scrupulous in handling K.A.'s benefits and was removed from acting as the

representative payee for that reason.  She then sought to get around her removal by having Ms. Lewis

cash the checks and give her the money.   Ms. Pruitt has not presented a sufficient reason for the Court

to overturn the ALJ's credibility determination.

### Conclusion

After careful review of the record as a whole, the Court is convinced that ALJ Jewell

committed no errors of law and that his findings are supported by substantial evidence.  Accordingly,

the final decision of the Commissioner of Social Security denying Dorothea Pruitt's claim for

repayment of funds allegedly misused by a representative payee is **AFFIRMED**.

The complaint is dismissed with prejudice as to defendant Emma J. Lewis for failure to state a

claim upon which relief could be granted.

The Clerk of Court shall enter judgment in favor of defendants Colvin and Lewis.

**IT IS SO ORDERED.**
**DATE:   December 3, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**